IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER LOPEZ-GORDILLO | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 18-cv-06125 |
| v. | ) | |
| | ) | |
| FINANCIAL RECOVERY SERVICES, INC., | ) | |
| | ) | Jury Demanded |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Alexander Lopez-Gordillo, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter misrepresenting the character of an alleged debt and Plaintiff's rights under the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Alexander Lopez-Gordillo, ("Plaintiff") is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted TD Bank USA, N.A. consumer credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that does or transact business in Illinois. FRS's registered agent in Illinois is C T Corporation System located at 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8. FRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. FRS is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. Thus, FRS is a "debt collector" as that term is defined at § 1692a of the FDCPA because it regularly collects or attempts to collect debts owed or due or asserted to be due another.

**FACTUAL ALLEGATIONS**

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a TD Bank USA, N.A. consumer credit card, account number ending with 3023 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. FRS subsequently began collecting the alleged debt.

14. On September 6, 2017, FRS sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including the identity of the original creditor, account number and an account balance.

16. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17. The Letter states, in a relevant part:

**"As of the date of this letter, you owe $1,384.44."**

(Ex. C, Letter)

18. Plaintiff and the unsophisticated consumer would believe, that the balance of the alleged debt was only good through the date of the letter, and could increase if not paid immediately.

19. The Letter goes on to state, in a relevant part:

**"While your account is with our office, if you pay $1,384.44, the above-referenced account will be considered paid in full."**

20. (Ex. C, Letter) (emphasis added)

21. Plaintiff and the unsophisticated consumer would believe that the balance was only good as long as FRS maintained the account in its office, and could increase in the future if the debt was passed on to another debt collector.

22. In fact, the balance of the alleged debt could never increase, as the debt was charged-off by the original creditor.

23. The balance of the alleged debt had not changed since February 2017, according to Plaintiff's credit report. (Exhibit D, Experian Credit Report).

24. Defendant recognizes this fact in its own Letter, which lists the date of the charge-off as:

**"Charge-Off Date: 02/27/17"**

(Ex. C, Letter)

25. The Letter causes unsophisticated consumers to incorrectly believe that they will financially benefit by making immediate payments on the debt because doing so will avoid the balance of the alleged debt from increasing, as FRS's letter threatens.

26. FRS never intended to add interest, fees, or other charges which would increase the balance of the alleged debt.

27. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

    **(A) the character, amount, or legal status of any debt; or…**

4

> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

28. FRS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated that the balance of the alleged debt was only good through the date of its letter, or while the account was with FRS's office, when the balance could not ever increase as it had been charged-off by the original creditor.

29. FRS's misrepresentation is material because consumers must often make difficult decisions about how to use scarce financial resources, and the fear of an increasing balance might influence these consumers' choices. Therefore, the challenged statement is material. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018).

30. The Letter goes on to state, in a relevant part:

> **"You can stop us from contacting you by writing a letter to us that tells us to stop contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we ma not contact you again, <u>except to let you know that there won't be any more contact</u> or that we intend to take a specific action"**

(Ex. C, Letter) (emphasis added)

31. The Letter caused Plaintiff, and the unsophisticated consumer, to believe that FRS could continue to contact Plaintiff even after sending a cease and desist letter in order to confirm that no future contact would be made.

32. The FDCPA prohibits such contact after a consumer sends a cease contact letter.

33. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

5

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

34. FRS threatened to take an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5) when it falsely threatened that it could contact Plaintiff even after receiving a cease contact letter to notify him there would not be any more contact.

35. Plaintiff experienced negative emotions about FRS's collection efforts, including generalized insult, annoyance, aggravation, and other garden variety emotional distress.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges above paragraphs as set forth fully in this count.

38. FRS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated that the balance of the alleged debt was only good through the date of its letter, or while the account was with FRS's office, when the balance could not ever increase as it had been charged-off by the original creditor.

39. FRS threatened to take an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5) when it falsely threatened that it could contact Plaintiff even after receiving a cease contact letter to notify him there would not be any more contact.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A.      Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

      B.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

      C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

      D.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com