IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER LOPEZ-GORDILLO, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Civil Action No. 18-cv-06125 |
| v. | ) |
| | ) |
| FINANCIAL RECOVERY SERVICES, INC. | ) Hon. Judge Harry D. Leinenweber |
| | ) |
| | ) |
| *Defendant*. | ) |

**PLAINTIFF' S RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Now comes Plaintiff, Alexander Lopez-Gordillo ("Plaintiff"), by and through his attorneys, Community Lawyers Group, Ltd., hereby respectfully submits this response in opposition to Defendant's Motion to Dismiss, as follows:

**INTRODUCTION**

First, Defendant Financial Recovery Services, Inc. ("Defendant" or "FRS") seeks to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff has not stated a claim under which relief can be granted. Defendant claims that Plaintiff has failed to show that Defendant has violated sections 1692e, e(2)(a) and e(5) of the Fair Debt Collection Practices Act ("FDCPA") by making a false, material misrepresentation of the character of Plaintiff's debt when FRS falsely implied that the balance of the alleged debt was good only through the date of the letter. Defendant claims that its inclusion of the suggestive language "As of the date of this letter" before listing Plaintiff's alleged account balance in its collection letter would not mislead the unsophisticated consumer because it was correct information.

1

However, by using this suggestive language, Defendant attempted to coerce Plaintiff to pay the balance in full by leading him to believe that this balance could possibly increase if he did not pay immediately. This is a material misrepresentation because it would lead a consumer to alter his course of action in his decision-making process. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012).

## **STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *Albany Bank v. Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dismissal is only warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009).

## ARGUMENT

I. **The Language "As of the date of this letter" Before Listing the Balance Plaintiff's Alleged Debt Gave Misleading Impression That Plaintiff's Account Balance Could Potentially Be Modified.**

Defendant FRS has violated 15 U.S.C. §§ 1692e *et. al.*, by falsely implying that Plaintiff's account ("alleged debt") could be modified by including the language "As of the date of this letter" before listing the purported balance due. Defendant should not have included this language because it gave the impression that the balance due on Plaintiff's account ("alleged debt") could increase or be modified. "[I]t is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 801 (7th Cir. 2009); (*Gonzales*, 660 F.3d at 1063).

Defendant argues that it was in compliance with the standard set forth in *Chuway* that stated the requirements are for a debt collector state on the letter only the amount due, the fact that they are attempting to collect an amount on behalf of a creditor and request that payment be remitted. *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944, 949 (7th Cir. 2004) The problem here is that the Defendant went beyond what was required by including language that suggested the balance due could potentially increase. Mere reliance on safe harbor language does not protect a debt collector from liability. "As we explained in *Miller*, a debt collector is only entitled to safe harbor protection if "the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation). And although the *Miller*

3

language is not misleading or deceptive on its face, it may nevertheless be inaccurate under certain circumstances." *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 370 (7th Cir. 2018)(quoting *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC,* 214 F.3d at 876) Like the letter sent by Financial Systems of Green Bay, the language is inaccurate since FRS cannot legally impose late charges and other charges, making the statement 'as of this date' misleading and deceptive on its face. In addition, since *Boucher* is binding Seventh Circuit law, this Court should follow the reasoning that the Seventh Circuit is controlling authority and that "controlling authority is the governing, binding law in a given jurisdiction; persuasive authority is not." *Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 864 F.3d 492, 506 (7th Cir. July 24, 2017). Therefore, this Court is not obligated to adhere to cases from other districts and should rely on the authority that Plaintiff cites.

### A. Alleged "Idiosyncratic" Interpretations Have Merit

Defense counsel attempts to distract from the issues in the instant case by claiming that Plaintiff's interpretation of the language is "bizarre" in order to bolster section 1692e FDCPA letter claims. (Dkt. #8, p. 7) However, there are several cases in which alleged "idiosyncratic interpretations" have merit within the Seventh Circuit. Plaintiff's counsel was able to come to resolution with Defense counsel in *Johnson* with regard to issues of idiosyncratic interpretations and was given leave to amend its complaint. *Johnson v. Alltran Educ., LP*, 2018 U.S. Dist. LEXIS 76441, *11-12 (N.D. Ill., May 7, 2018). Additionally, in *Cooper* the court did not find Plaintiff's counsel's interpretation idiosyncratic, but instead felt the claim should have been brought in a different case. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 2018 U.S. Dist. LEXIS 136910 (N.D. Ill., Aug. 14, 2018). This affirms that the claims of Plaintiff's counsel were indeed meritorious, and not of the superfluous and "idiosyncratic" variety suggested by Defendant. (Dkt.

#8, p. 7). Furthermore, these insinuations by Defendant's counsel contain no legal arguments nor are they based on any relevant legal principle and thus are irrelevant to the case at hand. Plaintiff in the instant case does not claim that the collection letter failed to accurately state the amount of the alleged debt, but rather that the language preceding the amount of the alleged debt suggested that Defendant FRS may modify the amount of the alleged debt at some point in the future, a violation of section 1692e of the FDCPA.

> **II. Defendant threatened to take an action that it could not legally take when it included language that suggested that additional funds could accrue and that it could communicate with Plaintiff even after he sends a cease-and-desist letter.**

Plaintiff's 1692e(5) claim refers to both the language in the letter that states "as of the date of this letter" which suggests that the amount could change given time and the suggestion that communication could continue even after the Defendant received a cease and desist letter. Defendant cites *Bravo v. Midland Credit Mgmt.* as stating that it is allowed to communicate to a consumer after receiving a cease and desist letter. (Dkt. #8, p. 8) It is unclear what Defendant is referring to since the case that it cites explicitly states the following: "Section 1692c(c) prohibits a debt collector, with certain exceptions not relevant here, from "communicat[ing] further with the consumer" about a debt once the consumer "notifies [the] debt collector in writing that the consumer refuses to pay [the] debt or that the consumer wishes the debt collector to cease further communications with the consumer." *Bravo v. Midland Credit Mgmt.*, 2014 LEXIS 169924, 2014 WL 6980438, *3-4 (N.D. Ill. December 9, 2014). In addition, the case that Defendant cites to addresses communication to a consumer's attorneys, which is not at issue in the current case. Plaintiff is not arguing that Defendant cannot communicate with his attorneys; he is disputing Defendant's ability to communicate directly with him after receiving a cease-and-desist letter,

5

which the FDCPA forbids. Given that the case Defendant cites makes the case in favor of Plaintiff's claims, Plaintiff requests that this Court deny Defendant's Motion to Dismiss.

### III. Defendant's FDCPA Violations were Material.

Additionally, Defendant claims that Plaintiff fails to allege a *materially* false statement rising above a "mere claim of confusion"" in its complaint. (Dkt. #8, p. ). But the Seventh Circuit has made it clear that "dunning letter is false and misleading if it impl[ies] that certain outcomes *might* befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 2967061, at *2 (N.D. Ill. June 13, 2018) (quoting *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018) (holding that a letter incorrectly suggesting that costs could be charged to a debtor violated § 1692e); *See also Lox*, 689 F.3d at 825 (holding that a letter falsely implying that inaction may lead to the debtor being charged attorney fees violated § 1692e). Defendant also claims that because the information in the collection letter is technically accurate it is not misleading and does not violate section 1692e of the FDCPA. (Dkt #11, p. 5). However, *Boucher* clarifies a letter sent from a collection company is considered misleading even if it simply implies negative outcomes "might" occur. Regardless of whether the information Defendant FRS included in the letter was technically accurate, the fact that the language "As of the date of this letter" suggested that amount of Plaintiff's alleged debt could or might change is enough to qualify as a violation of section 1692e of the FDCPA. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018).

As the Plaintiff has adequately plead all factors of his claim that Defendant violated section 1692e of the FDCPA, Defendant's argument fails and its Motion to Dismiss should be denied.

### **CONCLUSION**

Wherefore, for the foregoing reasons, Plaintiff Alexander Lopez-Gordillo respectfully requests that this Court deny Defendant's Motion to Dismiss or, in the alternative, allow Plaintiff an opportunity to amend his Complaint.

                                                  Respectfully submitted,

                                                  By: s/Celetha C. Chatman
                                                  One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

      I, Celetha Chatman, an attorney, hereby certify that on December 14, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: December 14, 2018**                                                                                         Respectfully submitted,

                                                             By:    /s/ *Celetha Chatman*