```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | |
|---|---|
| ALEXANDER LOPEZ-GORDILLO,<br><br>              Plaintiff,<br><br>    v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>              Defendant. | Case No. 18 C 6125<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Plaintiff Alexander Lopez-Gordillo brings this action against Defendant Financial Recovery Services, Inc. ("FRS"), alleging that FRS engaged in unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"). FRS has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). For the reasons stated herein, Defendant's Motion (Dkt. No. 7) is granted in part and dismissed in part.

### I. BACKGROUND

The following facts derive from Plaintiff's Complaint and are, for purposes of this motion under Rule 12(b)(6), accepted as true, with all inferences drawn in Plaintiff's favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

This case arises from a debt collection letter that FRS sent to Plaintiff. (Ex. C to Compl. ("Letter"), Dkt. No. 1.) Plaintiff incurred an alleged debt on a TD Bank, USA, N.A. ("TD Bank") consumer credit card. (Compl. ¶ 11.) Plaintiff could not pay the debt, and it went into default. (Compl. ¶ 12.) FRS, a licensed debt collection agency (Compl. ¶ 9), was assigned Plaintiff's debt for collection. (*See* Letter.) FRS sent Plaintiff the Letter on September 6, 2017. (Compl. ¶ 14.) The Letter appears to initiate RMS's efforts to collect on the TD Bank debt. The Letter conveys some information about the alleged debt, including the identity of the creditor (TD Bank), and a "charge-off date" of February 27, 2017. (Letter.) A charge-off date typically signifies a declaration by a creditor that a debt is unlikely to be collected. Plaintiff interprets the charge-off date on the Letter to mean that the balance of the debt can never increase. (Compl. ¶ 22.)

Plaintiff claims that three portions of the Letter violate the FDCPA:

> 1. "As of the date of this letter, you owe $1,384.44."
>
> 2. "While your account is with our office, if you pay $1,384.44, the above-referenced account will be considered paid in full." (The Court will refer to the first and second sentences together as the "temporal conditions.")
>
> 3. "You can stop us from contacting you by writing a letter to us that tells us to stop contact or that you refuse to pay the debt. Sending such a letter does not

make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action." ("Communication provision.")

On September 6, 2018, Plaintiff commenced this lawsuit. By the Court's count, Plaintiff alleges four violations of the FDCPA. (Compl. ¶ 38-39.) His first three claims assert that the temporal conditions misrepresent the character of the debt in violation of § 1692e and § 1692e(2)(a) and imply that the debt balance might increase when in fact it cannot, in violation of § 1692e(5). (Compl. ¶ 38.) Plaintiff's fourth claim alleges that the communication provision violates § 1692e(5) because it states that FRS can contact Plaintiff despite being statutorily barred from doing so. (Compl. ¶ 39.) Defendant now moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6).

## II. **LEGAL STANDARD**

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). The Court will accept all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Gagnon v. JPMorgan Chase Bank, N.A.*, 563 B.R. 835, 841 (N.D. Ill. 2017). In considering this Motion, the Court must consider the facts alleged in the Complaint, documents attached to the Complaint as exhibits, and documents incorporated by reference in the Complaint. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013).

**B. FDCPA Standard**

The FDCPA broadly prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692. In deciding whether Plaintiff has sufficiently plead that FRS violated the FDCPA, the Court must view the Letter through the eyes of the "unsophisticated consumer." *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). *See also id*. at 646 (noting that the § 1692e unsophisticated consumer test is objective, and therefore, a plaintiff's subjective understanding of the communication is irrelevant to the analysis). The "unsophisticated consumer" may be "uninformed, naive, and trusting," but has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." *Id*. at 645. If a statement would not mislead the

- 4 -

...

unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense. *Id.* at 645-46. An unsophisticated consumer "may tend to read collection letters literally, but he does not interpret them in a bizarre or idiosyncratic fashion." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citation omitted).

Additionally, the Seventh Circuit has cautioned that a district court "must tread carefully" before holding that a debt collection letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (citation omitted). Accordingly, dismissal under Rule 12(b)(6) is appropriate only when it is apparent from a reading of a debt collection letter that "not even a significant fraction of the population would be misled by it." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

Defendant moves to dismiss all of Plaintiff's four claims. The Court will first analyze Plaintiff's three claims regarding the temporal conditions before turning to the communication provision.

### III. DISCUSSION

**A. Temporal Conditions**

Plaintiff claims that two provisions in the Letter violate §§ 1692e, 1692e(2)(a), and 1692e(5) of the FDCPA: (1) "As of the date of this letter, you owe $1,384.44," and (2) "While your account is with our office, if you pay $1,384.44, the above-referenced account will be considered paid in full." The Court will hereafter refer to these two provisions together as the "temporal conditions." Section 1692e generally bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(a) specifically prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(a). Section 1692e(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiff asserts that the temporal conditions violate § 1692e and § 1692e(2)(a) by misrepresenting that the debt balance could potentially increase, when in fact the balance could not since it had been charged off by the creditor. Similarly, Plaintiff contends that the temporal conditions violate § 1692e(5) because they threaten to increase the balance of the debt—an action that FRS legally cannot take and did not intend to take. The Court

- 6 -

will analyze Plaintiff's §§ 1692e, 1692e(2)(a), and 1692e(5) claims together, as Plaintiff claims all three sections were violated for the same reason by the same language, and all sections have the same pleading requirements at this stage.

Plaintiff alleges that the debt at issue is static, and not subject to interest accrual. (Compl. ¶¶ 22-26.) The Seventh Circuit has established "safe harbor" language that debt collectors may use to ensure they do not violate the FDCPA when describing the amount owed on a static debt balance. In *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004), the Seventh Circuit considered a claim that a communication violated § 1692g(a)(1) of the FDCPA, which requires debt collectors to state "the amount of the debt" in their communications to debtors. *See also McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (noting that analysis of claims brought under § 1692g is helpful in reviewing § 1692e claims). *Chuway* established the following safe harbor:

> If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the creditor "has assigned your delinquent account to our agency for collection," and asking the recipient to remit the balance listed — and stopping there, without talk of the "current" balance.

*Chuway,* 362 F.3d at 949.

FRS asserts that the Letter follows the *Chuway* safe harbor language precisely, and therefore Plaintiff cannot plead any facts that establish the temporal conditions violate the FDCPA. The Court notes that the Letter does state "TOTAL BALANCE DUE: $1,384.44" and "[t]he account(s) listed above have been assigned to this agency for collection." These two excerpts, in isolation, do seem to align with the first two provisions of *Chuway's* suggested language. However, the Letter does not stop there. FRS included temporal conditions — "as of the date of this letter" and "while your account is with this office" — which can suggest to a reasonable consumer that the balance of the debt could increase. A debt collector deviates from safe harbor language by adding "confusing other information." *Boucher*, 880 F.3d at 370. Importantly, the language FRS added is precisely the type that *Chuway* discouraged collectors of static debt from using: language that implies the debt being collected might be larger than it actually is. *Id*. at 947-48. In *Chuway*, the defendant sent the plaintiff a collection letter that stated the "balance" of the debt but added: "To obtain your most current balance information, please call" the number provided. *Id*. at 947. The court held that the reference to obtaining the "most current balance information" implied that the consumer might actually have owed some unspecified larger amount. *Id*. at 947-49. *See also Janetos v. Fulton Friedman*

- 8 -

*& Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016) (discussing *Chuway* holding). Accordingly, FRS's argument that the Letter is protected by *Chuway*'s safe harbor language fails.

FRS devotes a significant portion of its Motion to the argument that the Letter falls under, and satisfies, a different safe harbor case: *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). *Miller* outlines language debt collectors may use to comply with § 1692g(a)(1) when trying to collect on a debt that is accruing interest. *Id.* at 875-76. But *Miller* is inapplicable because the Court must accept Plaintiff's well-pleaded factual assertion that the debt at issue is not subject to interest accrual. Consequently, FRS's argument fails. Because the Letter is not entitled to safe harbor, the question that remains for the Court is whether Plaintiff's temporal conditions claims satisfy the unsophisticated consumer standard.

As an initial matter, the Seventh Circuit has identified three categories of § 1692e cases, each with different implications at the motion to dismiss stage. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009). In the first category are cases involving communications by debt collectors that are plainly, on their face, not misleading or deceptive. *Id.* In these cases, the Court does

not look to extrinsic evidence to determine whether consumers were confused. *Id*. Instead, the Court grants dismissal in favor of the defendant based on its own determination that the statement complied with the law. *Ruth*, 577 F.3d at 800. In the second category are cases involving language that is not misleading or confusing on its face but has the "potential" to be misleading to the unsophisticated consumer. *Lox*, 689 F.3d at 822. If a case falls into this category, a plaintiff may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive. *Id.* The third category includes cases involving language that is plainly deceptive or misleading, and therefore do not require any extrinsic evidence in order for the plaintiff to succeed. *Id*. This case falls into the second category of § 1692e cases. The Letter is not facially misleading or deceptive; neither is it facially *not* misleading or deceptive. It has the potential to be misleading to the unsophisticated consumer. *Id*.

FRS presents several arguments to assert that the Letter did not misrepresent the debt. First, it argues that two other fragments of the Letter — "you owe $1,384.44" and "TOTAL BALANCE DUE: $1,384.44" — "clearly advised that the amount set forth in the [L]etter was the only amount that would be sought by FRS."

- 10 -

(Letter; Mot. to Dismiss at 5, Dkt. No. 7.) Second, FRS contends that Plaintiff's interpretation of the Letter is "bizarre" or "idiosyncratic" in violation of the unsophisticated consumer standard. These arguments, however, are better suited for summary judgment. Whether the challenged language is false, deceptive, or misleading under § 1692e is a question of fact. *Lox*, 689 F.3d at 822. At this stage, the Court is under no obligation to accept FRS's interpretation that the language it cites makes the character, amount, or legal status of the debt abundantly clear to the unsophisticated consumer. For present purposes, Plaintiff has sufficiently alleged that the temporal conditions can mislead an unsophisticated consumer into believing that the balance could increase.

However, it is not enough for Plaintiff to allege that the temporal conditions misrepresent the debt and threaten to take illegal action. A false or misleading statement is only actionable under the FDCPA if it is material. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009). The Seventh Circuit has defined "material" as having "the ability to influence a consumer's decision." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011) (emphasis omitted). In this context, a statement is material if it would "influence a consumer's decision . . . to pay a debt in response to a [debt collection] letter."

*Boucher*, 880 F.3d at 366 (citation omitted). FRS argues that even if the challenged language misrepresents the debt, such misrepresentation is not material. This argument fails as well. Plaintiff alleges that the misrepresentation would cause an unsophisticated consumer to fear that their debt balance may increase, which in turn would influence their decisions about how to allocate scare financial resources. (Compl. ¶ 39.) This is sufficient to plead materiality. *Lox*, 689 F.3d at 826. Plaintiff has sufficiently alleged a claim that the temporal conditions violate §§ 1692e, 1692e(2)(a), and 1692e(5). Thus, FRS's Motion to Dismiss Plaintiff's temporal condition claims is denied.

**B. Communication Provision**

Finally, the Court turns to the communication provision in FRS's Letter. Plaintiff challenges the following language: "Once we receive your [cease contact] letter, we may not contact you again, *except to let you know that there won't be any more contact or that we intend to take a specific action*." (Letter at 2 (emphasis added).) Plaintiff claims the communication provision violates § 1692e(5) because it threatens to take an action that legally cannot be taken: contacting Plaintiff after receiving a cease contact letter, to notify him that there will not be any more contact. The FDCPA requires a debt collector to cease communication regarding a debt if the consumer so requests in

writing. 15 U.S.C. § 1692c(c). However, even after a cease communication directive, the statute allows FRS to contact the Plaintiff in three particular circumstances: (1) to advise Plaintiff that further collection efforts are being terminated; (2) to notify Plaintiff that the collector may invoke specified remedies which are ordinarily invoked by such debt; or (3) where applicable, to notify Plaintiff that the debt collector intends to invoke a specified remedy. 15 U.S.C. § 1692c(c)(1)-(3).

As a preliminary matter, FRS claims that because § 1692c(c) allows debt collectors to communicate with a consumer after a cease contact letter in some circumstances, it has "the right to communicate with Plaintiff once more if Plaintiff made a request for no further contact." (Mot. to Dismiss at 8.) FRS's interpretation of § 1692c(c) is misguided. Collectors do not have a blanket entitlement to one more communication with a debtor after receiving a cease contact directive. On the contrary, the FDCPA is very clear that they can only do so in three specific circumstances. This argument fails.

FRS next contends that the communication its Letter describes falls within § 1692c(c)'s statutory exceptions. FRS does not explain which of the three exceptions it believes applies here, so the Court will consider each in turn. To begin, § 1692c(c)(1) is inapplicable. It exempts communications that advise the debtor

- 13 -

that further debt collection efforts are being terminated—this clearly does not encompass notifying Plaintiff that FRS is ceasing contact.

The Court turns to exceptions (2) and (3), which allow communications with a debtor after a cease communication directive if the debt collector "may invoke" or "intends to invoke" specified remedies which are ordinarily invoked by such debt. 15 U.S.C. § 1692c(c)(2)-(3). Typical remedies include filing suit against the debtor, or extending a settlement offer to the debtor. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998). FRS presents no explanation of how communicating to Plaintiff that it will cease contact constitutes a remedy. "Remedy" is defined as "the means of enforcing a right or preventing or redressing a wrong; legal or equitable relief." BLACK'S LAW DICTIONARY (10th ed. 2014). A communication that FRS will cease contact clearly does not fall within the definition of a remedy. Therefore, the communication provision does threaten to take an action that cannot legally be taken in violation of § 1692e(5).

However, a communication must also be material in order to be actionable. *Hahn v. Triumph Partnerships*, 557 F.3d 755, 757-58 (7th Cir. 2009). A statement is material if it has the ability to influence a consumer's decisions. *Lox*, 689 F.3d at 826 (citation omitted). Plaintiff failed to allege how FRS threatening to

communicate that it will cease contact would influence an unsophisticated consumer's decisions. He therefore fails to state a claim regarding the communication provision upon which relief can be granted. Accordingly, Plaintiff's communication provision claim is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated herein, Defendant's 12(b)(6) Motion is granted in part and denied in part. The Court dismisses Plaintiff's § 1692e(5) claim regarding the communication provision without prejudice. Plaintiff shall file an Amended Complaint on or by March 1, 2019. If Plaintiff fails to do so, the claim now dismissed without prejudice will convert to one with prejudice, and Plaintiff will stand on his current Complaint.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

Dated: 2/11/2019